# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MC WINSTON,

      Plaintiff,

      v.                                         Case No. 06-C-1080

ARTHUR L. JONES,
JODY YOUNG,
SHEILA REILY,
LEVERETT F. BALDWIN,
GLORIA BEAL, and
KRISTINE BAEBE,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING DEFENDANTS JONES AND BALDWIN AND ORDERING THE UNITED STATES MARSHAL TO SERVE THE REMAINING DEFENDANTS

      Plaintiff, MC Winston, who is incarcerated at New Lisbon Correctional Institution, has lodged this *pro se* civil rights action under 42 U.S.C. § 1983. The prisoner has been assessed and paid an initial partial filing fee of $9.37. Therefore, the matter is before the court on the plaintiff's petition to proceed *in forma pauperis*.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff alleges that blood was drawn from him and his medical records were disclosed in violation of his constitutional rights. He has named six defendants: former City of Milwaukee Chief of Police Arthur Jones[1], Milwaukee County Police Officer Jody Young, former Milwaukee County Sheriff Leverett Baldwin, Sheila Reily who was employed at the Milwaukee County Jail in the medical records section, Nurse Gloria Beal[2] and nurse Kristine Baebe.

According to plaintiff's allegations, on December 17, 2001, Officer Young went to the Milwaukee House of Correction (HOC), where plaintiff was confined, to collect blood samples from plaintiff "for purpose of DNA testing for the State Crime Lab." (Complaint at 1-2.) When she arrived at the HOC, Nurse Baebe gave her three vials of

---

[1] In his complaint, plaintiff refers to Arthur Jones as the Milwaukee County Chief of Police. In reality, Chief Jones was formerly the Chief of Police for the City of Milwaukee not Milwaukee County.

[2] The caption of the complaint reads "Gorida" Beal and the body of the complaint at paragraph 5 identifies Ms. Beal as "Glorida" Beal. However, the documents attached to the complaint state Ms. Beal's first name as "Gloria." As a result, the court has sua sponte corrected Ms. Beal's misspelled name in the case caption to read "Gloria Beal."

3

blood, with yellow tops, which purportedly was taken from plaintiff earlier that day. When plaintiff returned to her office with the vials of blood, she filled out an inventory report #180783. Subsequently, Officer Young learned that blood for DNA testing by the State Crime Lab needed to be in tubes with a purple top and that she was required to witness the blood being withdrawn. (Complaint, Ex. 1 ¶¶ 4-6.) As a result, Officer Young claims to have voided inventory report #180783 and returned to the HOC, where she gave the three vials of blood with the yellow tops to Nurse Beal and witnessed Nurse Beal draw plaintiff's blood into two vials with purple tops. (Complaint, Ex. 1 ¶ 8.)

Thereafter, Officer Young learned of plaintiff's concerns about the voided inventory report and was informed by Sheila Ray in the medical records office of the Milwaukee County Jail that plaintiff's medical records contained a notation concerning a blood draw performed on December 17, 2001, pursuant to a court order for labs received on December 14, 2001. (Complaint Ex. 1 ¶ 22.) Plaintiff, however, maintains that no lab work was performed on him on December 17, 2001, and that Officer Young did not receive a consent for disclosure of the confidential medical records. Also, he asserts that Officer Young or Sheila Ray falsified the medical note and that the only blood taken from him was drawn by Dr. Victor Maningo on December 18, 2001, for the testing of HIV-STD and Hepatitis B.

As the court reads plaintiff's complaint, he is charging that the defendants tampered with blood evidence and falsified his medical records in an effort to obtain a conviction in his underlying criminal case. In addition, it appears that plaintiff is asserting that the defendants disclosed his confidential medical records without his authorization in

4

violation of his constitutional rights and Wis. Stat. § 146.82.  As relief, plaintiff seeks monetary damages from each of the named defendants.

## I.  § 2254 and § 1983

As an initial matter, the court must consider whether plaintiff may pursue a claim under 42 U.S.C. § 1983 or whether he must instead file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Although plaintiff did not allege specifically that he was convicted as a result of defendants' actions, research reveals that a jury ultimately found plaintiff guilty of second-degree sexual assault of a minor based on sexual contact.  *See State of Wisconsin v. MC Winston*, 276 Wis. 2d 864 (Ct. App. 2004).[3]

However, the complaint requests money damages and does not state that the plaintiff is seeking release from prison.  But, regardless of the relief requested, plaintiff may not pursue an action under § 1983 if a judgment by this court would necessarily imply the invalidity of a previous criminal conviction which has not been reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *McCann v. Neilsen*, 466 F.3d 619, 620-21 (7th Cir. 2006).  In such a case, a plaintiff's sole remedy is a writ of habeas corpus under § 2254.

The use of falsified evidence could call into question the validity of plaintiff's conviction if the material was important to the prosecutor's case.  However, the Court of Appeals for the Seventh Circuit has explained that it would not necessarily question a conviction if the falsified material were not essential to the conviction.  *See Nesses v. Shepard*, 68 F.3d 1003, 1004-1005 (7th Cir. 1995); *see also Uhde v. Adams County,*

---

[3] Plaintiff's first trial ended in a mistrial.  *See MC Winston*, 276 Wis. 2d 864.

5

*Wisconsin Sheriff's Office*, 2003 WL 23142254 (W.D. Wis. July 22, 2003). Because it is possible for the plaintiff to be properly convicted even if falsified evidence was used in the prosecution, this court cannot say that plaintiff is barred from proceeding under § 1983 on his due process claim relating to falsified evidence.

## II.  ANALYSIS

### A.  Falsified Evidence Claim

The United States Supreme Court has held that using falsified evidence in an effort to obtain a conviction is a denial of due process under the Fourteenth Amendment. *Napue v. People of the State of Illinois*, 360 U.S. 264 (1959). Further, the Court of Appeals has recognized a cause of action under § 1983 for an officer's fabrication of evidence. *Smith v. Springer*, 859 F.2d 31 (7th Cir. 1988); *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988). Therefore, plaintiff has arguably stated a claim that his Fourteenth Amendment rights were violated when falsified evidence was used against him. However, plaintiff is advised that to recover compensatory damages for this claim, he will have to show that he was injured by the defendants' actions. *See Nesses*, 68 F.3d at 1005 (If the fabricated evidence was not essential to the conviction, "the principle of *Heck* would not bar [plaintiff's] suit, though he might find it impossible to prove any damages."). If plaintiff's injury is that he would not have been convicted absent the falsified evidence, then his § 1983 claim is barred by *Heck*.

### B.  Right to Privacy Claim

Whether prisoners have a constitutional right to the confidentiality of medical communications remains an open question in the Seventh Circuit. *Massey v. Helman*, 196

6

Case 2:06-cv-01080-CNC     Filed 12/07/06     Page 6 of 10     Document 6

F.3d 727, 741 n.8 (7th Cir. 1999) (citing *Anderson v. Romero*, 72 F.3d 518, 522-24 (7th Cir. 1995)). The Appellate Court in *Anderson* stated, in dicta, that the disclosure of an inmate's medical information (in that case his HIV-positive status) would most likely fall under the cruel and unusual punishments clause of the Eighth Amendment. *Id.* at 523 ("if employees of the prison, knowing that an inmate identified as HIV positive was a likely target of violence by other inmates indifferent to his fate, gratuitously revealed his HIV status to other inmates and a violent attack upon him ensued," that would constitute cruel and unusual punishment).

Other circuits have held that the disclosure of an inmate's medical information may violate the inmate's Fourteenth Amendment right to privacy. *See Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). In *Doe*, the prisoner plaintiff was HIV-positive and because of certain practices permitted by prison officials, his condition was not kept confidential. 257 F.3d at 311. The inmate claimed that his constitutional right to privacy was violated by the prison's "open-door" examination room policy, by the disclosure of his medical condition to corrections officer escorts, and by the loud announcement of the names of medications. *Id.* at 312. The court held that prisoners retain a Fourteenth Amendment substantive due process right to privacy in their medical information, subject to legitimate penological interests. *Id.* at 323.

At this stage of the proceedings, the court finds that plaintiff has arguably stated a right to privacy claim against the defendants. Moreover, the plaintiff may be allowed to proceed on his statutory right to privacy claims under state law. Under Wis. Stat. § 146.84(1)(c), an individual is permitted to bring an action for injunctive relief and/or damages for any violations of Wis. Stat. § 146.82, relating to the confidentiality of a

person's treatment records and medical records. Thus, the court will exercise its supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(a)

**C. Individual and Official Liability of Defendants Jones and Baldwin**

The plaintiff has sued each of the named defendants in his or her official and individual capacities. In an action under § 1983, a defendant may not be held individually liable for a constitutional violation unless he or she was personally involved in the illegal conduct, meaning that the defendant directed or participated in the violation. *Doyle v. Camelot Care Centers*, Inc., 305 F.3d 603, 614-15 (7th Cir. 2002). Further, official capacity actions "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 [1985]); *see also, Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A governmental entity may not be held liable unless the individual defendants acted pursuant to an official policy. *White v. City of Markham*, 310 F.3d 989, 998 (7th Cir. 2002). Thus, in official capacity claims, the governmental entity must be the "moving force" behind the alleged deprivation. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff's allegations against former City of Milwaukee Police Chief Arthur Jones and former Milwaukee County Sheriff Leverett Baldwin consist entirely of the following assertion:

> In this caes [sic] the Chief of Police was in charge of Officer Youngs [sic] and Sheila Reily action on the days in question. As so was the County Sheriffs [sic] office in charge of the HOC nurse's when they each played a roll helping to tamper with blood evidence and created medical notes.

At best, plaintiff seeks to hold these defendants liable under the theory of respondeat superior. However, under § 1983, a supervisor or municipality cannot be held liable simply because of an employment relationship. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Even liberally construed, there is nothing in plaintiff's complaint suggesting that the City of Milwaukee Police Department or the Milwaukee County Sheriff's Office had a policy or custom of violating constitutional rights or that defendants Jones or Baldwin directed or participated in the actions of the other defendants.

Now, therefore,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) be and hereby is GRANTED.

IT IS FURTHER ORDERED that Arthur Jones and Leverett Baldwin are DISMISSED as defendants pursuant to 28 U.S.C. § 1915A(b).

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the remaining defendants pursuant to Federal Rule of Civil Procedure 4.

IT IS ALSO ORDERED that the defendants shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $340.63 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the
9

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge